# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| ROBERT WARD,<br>d/b/a NAUGATUCK SELF STORAGE<br><br>Plaintiff,<br><br>v.<br><br>AFFORDABLE & SAFE<br>NAUGATUCK SELF STORAGE, LLC,<br><br>THOMAS CHRISTIANO,<br><br>CLARIS CONSTRUCTION, INC.,<br><br>JOHN DOE I,<br><br>and<br><br>JOHN DOE II,<br><br>Defendants. | Civil Action No. 3:16CV1547(VLB) |

2016 SEP 13  PM 12 52
U.S. DISTRICT COURT
NEW HAVEN, CT

## COMPLAINT

Plaintiff, Robert Ward d/b/a Naugatuck Self Storage, ("Plaintiff") by and through his undersigned attorneys, for his complaint against Defendants, Affordable & Safe Naugatuck Self Storage, LLC, Thomas Christiano, Claris Construction, Inc., John Doe I, and John Doe II (collectively referred to as "Defendants") alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action at law and in equity for unfair competition, counterfeiting, trade name, service mark and trademark infringement and dilution, and unfair and deceptive acts and practices in the conduct of commerce under the federal Lanham Act, 15 U.S.C. §§ 1051 et seq., the Connecticut Unfair Trade Practices Act, ch. 735a, §§ 42-110a et seq. of the Connecticut General Statutes, and the common law.

## THE PARTIES

2. Plaintiff does business as Naugatuck Self Storage, is a resident of Connecticut, and has a principal place of business located at 35 Neumann Street, Naugatuck, CT 06770.

3. Upon information and belief, Defendant Affordable & Safe Naugatuck Self Storage (individually referred to as "ASNSS") is a Connecticut limited liability company with a principal place of business located at 1257 New Haven Road, Naugatuck, CT 06770.

4. Upon information and belief, Defendant Thomas Christiano (individually referred to as "Defendant Christiano") is resident of Connecticut at 831 White Plains Road, Trumbull, CT 06611.

5. Upon information and belief, Defendant Claris Construction, Inc. is a Connecticut corporation with a principal place of business located at 153 S. Main Street, Newtown, CT 06470.

6. Upon information and belief, Defendant John Doe I is an individual who conspired with Defendant Christiano to cause the use of the infringing mark complained of herein and thereby caused substantial damage to Plaintiff.

7. Upon information and belief, Defendant John Doe II is an individual who conspired with some or all Defendants to cause the use of the infringing mark complained of herein and thereby caused substantial damage to Plaintiff.

## JURISDICTON AND VENUE

8. This Court has subject matter jurisdiction over this dispute under Section 39 of the federal Lanham Act, 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331, 1338, and 1367. Plaintiff's state law claims arise from the same operative facts or are otherwise so related to its Lanham Act

claims that they form part of the same case or controversy under Article III of the United States Constitution. The amount in controversy exceeds $75,000, exclusive of interest and costs.

9. This Court has personal jurisdiction over Defendants because and upon information and belief, Defendants reside and/or conduct business within the District, solicit business within this District, and carry out the acts complained of inside this District, causing injury within this District.

10. Venue is appropriate in this District because a substantial part of the events giving rise to the claim occurred in this District, causing injury within this District, and because Defendants are residents of this District pursuant to 28 U.S.C. § 1391(c)(2).

## ALLEGATIONS RELEVANT TO ALL CLAIMS

### PLAINTIFF AND HIS NAUGATUCK SELF STORAGE MARK

11. Since 1988, Plaintiff has used the trade name, service mark and trademark NAUGATUCK SELF STORAGE ("Plaintiff's Mark") in connection with his business as a renter of self storage space.

12. Since 1988, Plaintiff has made continuous use of Plaintiff's Mark in this District.

13. Since 1988, Plaintiff has devoted a great deal of time, money and resources to build his business and goodwill using Plaintiff's Mark.

14. As a result of Plaintiff's extensive and continuous use of Plaintiff's Mark, and through the mark's distinctiveness and favorable public acceptance and recognition, consumers in this District associate Plaintiff's Mark with Plaintiff.

15. Plaintiff's extensive common law rights in Plaintiff's Mark constitute valuable assets owned by Plaintiff.

**DEFENDANTS' USE OF NAUGATUCK SELF STORAGE FOR IDENTICAL SERVICES**

16. Upon information and belief, Defendant ASNSS, is a limited liability company whose business is the renting of self storage space.

17. Upon information and belief, Defendants, ASNSS, Inc., Thomas Christiano, Claris Construction, Inc., John Doe I, and John Doe II, conspired together with knowledge of Plaintiff's rights in Plaintiff's Mark to infringe, counterfeit, forge and steal Plaintiff's Mark in order to pass-off their products and services to the public as emanating from, or sponsored or approved by, Plaintiff.

18. Upon information and belief, Defendant began using the mark "NAUGATUCK SELF STORAGE" (the "Infringing Mark") in or about August 2016 in connection with the rental of self storage space to the public.

19. At that time, as a result of Plaintiff's extensive and continuous use of Plaintiff's Mark, and through the mark's distinctiveness and favorable public acceptance and recognition, consumers in this District associated the Infringing Mark with Plaintiff.

20. Upon information and belief, Defendants had actual notice of Plaintiff's rights before it opened its business in Naugatuck to the public.

21. Upon information and belief, each of the Defendants conspired together to take and commit the acts complained of herein either directly or through their creature ASNSS. Those acts are prohibited by federal and state law.

22. Upon information and belief, Defendants are using the Infringing Mark in connection with the marketing of its self storage space, the same type of services Plaintiff offers under Plaintiff's Mark. Thus, Defendants' use of the Infringing Mark is likely to deceive,

4

confuse, and otherwise lead consumers into believing that Defendant is Plaintiff, or a business that is affiliated with, sponsored by, or otherwise connected to, Plaintiff.

23. Defendants' activities have inflicted and will continue to inflict irreparable harm to the goodwill symbolized by Plaintiff's Mark and to the reputation that Plaintiff has established in the industry. Defendants' activities have created, and are creating, a substantial likelihood of confusion as to the origin, sponsorship, approval and quality of the services they provide and have infringed upon and diluted Plaintiff's rights in Plaintiff's Mark. Defendants' aforesaid acts have caused confusion among the public.

24. Upon information and belief, Defendants had actual knowledge of Plaintiff's prior rights in, and use of, Plaintiff's Mark.

25. When confronted with Plaintiff's concerns over the use of the Infringing Mark, Defendant Christiano presented his business card identifying himself as an executive of Claris Construction, Inc. and refused to discontinue use of the Infringing Mark.

26. Plaintiff will amend this Complaint to allege the Doe Defendants' names and capacities when ascertained. Defendant Christiano has stated that he has a partner in the ASNSS business whose identity is not yet determined.

27. Plaintiff is informed and believes that the Doe Defendants are responsible in some manner for the occurrences and injuries herein alleged.

### FIRST CLAIM FOR RELIEF
#### (Federal Unfair Competition)

28. Plaintiff repeats and re-alleges the allegations of the foregoing paragraphs as if fully set forth herein.

29. Defendants' use of the Infringing mark is causing and is likely to cause confusion or to cause mistake, or to deceive the consuming public into believing the false and misleading

impression that Defendants' services are affiliated, connected, or associated with Plaintiff, or have the sponsorship, approval, authorization, or endorsement of Plaintiff.

30. Defendant ASNSS has made and is making false representations, false descriptions, and false designations of origin of it's services in violation of 15 U.S.C. § 1125(a) that are causing and, unless enjoined by this Court, will continue to cause, a likelihood of confusion and deception of members of the consuming public and to injure Plaintiff's goodwill and reputation as symbolized by Plaintiff's Mark, for which Plaintiff has no adequate remedy at law.

31. Upon information and belief, Defendants acted with full knowledge of Plaintiff's use of, and statutory and common law rights to, Plaintiff's Mark and without regard to the likelihood of confusion of the public created by those activities.

32. Defendants' actions demonstrate an intentional, willful and bad faith intent to trade on the goodwill associated with Plaintiff's Mark to the great and irreparable injury of Plaintiff.

33. Defendants are causing, and are likely to cause, substantial and irreparable injury to the public and to Plaintiff, and pursuant to 15 U.S.C. §§ 1125(a), 1116 and 1117, Plaintiff is entitled to injunctive relief, and to recover Defendants' profits, Plaintiff's actual damages, costs of suit, and reasonable attorneys' fees.

### SECOND CLAIM FOR RELIEF
### (Federal and Common Law Counterfeiting)

34. Plaintiff repeats and re-alleges the allegations of the foregoing paragraphs as if fully set forth herein.

35. Defendant, ASNSS (with the support of the other named Defendants), has used in commerce a mark that is identical to, or substantially indistinguishable from, Plaintiff's Mark.

Defendants' use of the Infringing Mark in association with rental of self storage space constitutes trademark counterfeiting in violation of 15 U.S.C. § 1114 and the common law.

36. The imitation, copying, and unauthorized use of Plaintiff's Mark causes irreparable injury to Plaintiff, including injury to its business reputation and the goodwill associated with Plaintiff's Mark.

37. Plaintiff has no adequate remedy at law for these injuries. Moreover, unless Defendants are restrained by this Court from continuing this imitation, copying and unauthorized use of the Infringing Mark, these injuries will continue to occur. Plaintiff is entitled to a preliminary and permanent injunction restraining Defendant, ASNSS, its officers, agents, employees, and all persons acting in concert with it, from engaging in such further acts in violation of 15 U.S.C. § 1116.

38. Plaintiff is further entitled to recover from Defendants the damages it has sustained and will sustain, and any gains, profits and advantages unfairly obtained by Defendants as a result of imitation, copying and unauthorized use as alleged above. Plaintiff is at present, unable to ascertain the full extent of monetary damages suffered by reason of those acts.

39. By reason of Defendants' acts, and pursuant to 15 U.S.C. § 1117, Plaintiff is entitled Defendants' profits, Plaintiff's costs of suit, Plaintiff's reasonable attorneys' fees, and, Plaintiff's actual damages and the trebling of those damages or of Defendants' profits, or to statutory damages at its election.

### THIRD CLAIM FOR RELIEF
(Unfair Trade Practices Pursuant to Conn. Gen. Stat. § 42-110a, et seq.)

40. Plaintiff repeats and re-alleges the allegations of the foregoing paragraphs as if fully set forth herein.

41. Defendants have engaged in unfair methods of competition and unfair and deceptive trade practices within the meaning of the Connecticut Unfair Trade Practices Act, ch. 735a, Conn. Gen. Stat. §§ 42-110a et seq. by causing likelihood of confusion or misunderstanding as to the source, origin, or sponsorship of the parties' respective services; causing likelihood of confusion or misunderstanding as to the affiliation, connection, or association of Defendants or its services with Plaintiff and Plaintiff's goods and services; and using deceptive representations or designations of origin in connection with Defendants' services.

42. Defendants' actions demonstrate an intentional, willful and bad faith intent to trade on the goodwill associated with Plaintiff's Mark to the great and irreparable injury of Plaintiff.

43. Defendants are causing, and are likely to cause, substantial and irreparable injury to the public and to Plaintiff, and Plaintiff is entitled to injunctive relief, and to recover Plaintiff's actual damages, punitive damages, and costs and reasonable attorneys' fees pursuant to Conn. Gen. Stat. §42-110g.

## FOURTH CLAIM FOR RELIEF
### (Common Law Infringement and Unfair Competition)

44. Plaintiff repeats and re-alleges the allegations of the foregoing paragraphs as if fully set forth herein.

45. Defendants have engaged in common law trademark infringement and unfair competition, which have created and will continue to create a likelihood of confusion such that an ordinary person acting with reasonable care and observation would be likely to mistake Defendant's services for those of Plaintiff's. Defendant's aforesaid activities constitute

infringement of Plaintiff's Mark and unfair competition under the common law of the State of Connecticut.

46.     Defendants' actions demonstrate an intentional, willful and bad faith intent to trade on the goodwill associated with Plaintiff's Mark to the great and irreparable injury of Plaintiff.

47.     Defendants are causing, and are likely to cause, substantial and irreparable injury to the public and to Plaintiff. Plaintiff has been damaged in an amount not yet determined or ascertainable. At a minimum, however, Plaintiff is entitled to injunctive relief, an accounting of Defendant's profits, and an award of damages.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that this Court:

1. Enter judgment that Defendants have violated the Lanham Act, 15 U.S.C. §§ 1114, 1125; Conn. Gen. Stat. §§ 42-110a et seq., and the common law, and that such violations were willful and intentional, making this an exceptional case;

2. Issue a preliminary and permanent injunction enjoining and restraining Defendants and its officers, agents, servants, employees, successors, assigns, and all other persons acting in concert or in participation with, or affiliated with them, jointly and severally, from:

    (a) Using the mark "NAUGATUCK SELF STORAGE" as part of its name, or any copy, reproduction, colorable imitation, or simulation thereof in connection with Defendants' services;

    (b) Using any trademark, service mark, name, logo or source designation of any kind in connection with the rental of storage space, that is a copy, reproduction, colorable imitation, or simulation of or confusingly similar to the trademarks, service marks, names, or logos, of Plaintiff, or is likely to cause confusion, mistake, deception, or public misunderstanding that Defendants'

    services are those of Plaintiff, or are sponsored by or in any way related to Plaintiff;

  (c) Passing off, palming off, or assisting in passing off or palming off, Defendants' services as those of Plaintiff, or otherwise continuing any and all acts of infringement, unfair competition, and deceptive trade practices as alleged in this Complaint;

  (d) From continuing to perform in any manner whatsoever any of the acts complained of in this Complaint; and

  (e) From causing, engaging in or permitting others to do any of the aforesaid acts.

3. Require Defendants to immediately recall from all distribution channels advertising and promotional materials bearing Plaintiff's Mark, and/or otherwise infringing on Plaintiff's Mark;

4. Require Defendants to immediately deliver to Plaintiff for destruction all products, advertising, and promotional materials bearing Plaintiff's Mark, and/or otherwise infringing on Plaintiff's Mark pursuant to 15 U.S.C. § 1118;

5. Require Defendants to immediately cease operating any website owned and/or operated by Defendants or any of its affiliates, including any social media platforms owned or operated by Defendants or any of its affiliates, which bears Plaintiff's Mark and/or otherwise infringe on Plaintiff's Mark;

6. Order Defendants to account to Plaintiff for all profits wrongfully derived by its unlawful conduct and to pay to Plaintiff:

  (a) all actual monetary and/or statutory damages sustained and to be sustained by Plaintiff as a consequence of Defendants' unlawful conduct, including lost profits and corrective advertising damages, in an amount to be determined at trial;

  (b) all profits, gains, and advantages obtained by Defendants from their unlawful conduct;

      (c)    exemplary damages, including treble damages resulting from Defendants' unlawful conduct;

      (d)    pre-judgment interest on all damages; and

      (e)    Plaintiff's costs and disbursements in this action, including its reasonable attorneys' fees;

7. Direct that Defendants file with this Court and serve on counsel for Plaintiff within thirty days after entry of any injunction issued by the Court, a sworn written statement pursuant to 15 U.S.C. § 1116 setting forth in detail the manner and form in which Defendants have complied with the injunction; and

8. Order any such other or further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff respectfully demands a trial by jury of all issues so triable by a jury.

Respectfully submitted,

Date: September 8, 2016

*/s/ D. J. Mahaney*

Daniel J. Mahaney (CT 06393)
Mahaney, Geghan & Sullivan
One Exchange Place, 6th Floor
Waterbury, CT 06702
(203) 574-0056
dj@mgslawct.com

Date: September 8, 2016

*/s/ Thomas J. Ward*

Thomas J. Ward (Pro Hac Vice Pending)
Ward & Ward, PLLC
2020 N Street, NW
Washington, DC 20036
(202) 331-8160
tom@wardlawdc.com

*Attorneys for Plaintiff*